[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this action were married on December 2, 1961 in West Haven, Connecticut. On February 25, 1985 a Judgment of Dissolution was granted relative to this marriage. The plaintiff was ordered to pay the defendant $30,000.00 by way of a property division on or before April 15, 1985. Until such payment the court ordered the defendant to pay $180.00 per week alimony to the CT Page 9993 plaintiff which amount would increase to $255.00 per week when the aforesaid $30,000.00 was paid to the defendant. Then on June 1, 1988 the said alimony of $255.00 per week would be reduced to $180.00 per week until it was further reduced to $100.00 per week commencing June 1, 1989. The alimony amount would have changed if the plaintiff had sold the marital home, but this she has not done.
A provision in the Judgment states: "Further provided that the wife's right to receive alimony will terminate upon the death of either party or upon the wife's remarriage or cohabitation."
The defendant now claims that the plaintiff has cohabitated with a Joseph C. Micale since September 6, 1987. This the plaintiff denies although she does admit she has been living with Mr. Micale since the fall of 1988, (see Stipulation signed by each party) She further admits that the teenage son of Mr. Micale also lives with them. The plaintiff testified that the home she shares with Mr. Micale is the former marital home which she owns and further that Mr. Micale cosigned with her on a $136,500.00 note secured by a mortgage on said property. From these proceeds $106,000.00 was used to pay off the first mortgage and a home equity loan on said premises. Of the balance $10,000.00 was used to pay off the plaintiff's car loan and $15,000.00 was used to pay off a mortgage on property owned by the said Mr. Micale. The plaintiff testified that when Mr. Micale sells a home owned by him he will repay her the aforementioned $15,000.00 plus interests. She also testified that Mr. Micale pays her $650.00 per month rent. Mr. Micale buys his own newspapers, pays for his own cable television and food for him and his son. Otherwise the plaintiff pays for all other expenses relative to the house.
There are three motions now before the court. They are the defendant's Motion for Contempt dated December 20, 1990, the defendant's Motion for Modification and/or Termination of Alimony dated February 12, 1991 and the Plaintiff's Motion to hold the Defendant in Contempt dated October 3, 1991.
The plaintiff has testified that she last received alimony from the defendant in June or July 1991. The attorneys for both parties agreed that the last payment of alimony was paid to the plaintiff on July 19, 1991. Since that date the defendant has made the alimony payments into an interest bearing savings account which is being held in escrow and which now has a balance of $1,403.53 in it. The plaintiff stated to the court that she does not make any claim for this $1403.53.
After hearing the evidence the court does find that the plaintiff was cohabitating or living with another person under circumstances which the court finds should result in a CT Page 9994 modification, suspension, reduction, or termination of alimony because the living arrangements caused a change of circumstances so as to alter the financial needs of the plaintiff. The court grants the defendant's motion to modify or terminate alimony. The court orders that alimony be terminated effective February 14, 1991, the date that the motion was filed with the court, and that the plaintiff shall pay to the defendant all sums paid to her between February 14, 1991 and July 19, 1991, which sum is found to be $2,300.00. Said sum shall be paid by the plaintiff to the defendant within twenty-one (21) days of the date of this memorandum and shall bear no interest. The court would state here that the plaintiff has stated under oath that she no longer wishes any alimony from the defendant. Further the court will terminate the requirement that the defendant shall name the plaintiff as beneficiary on at least a $30,000.00 life insurance policy insuring his life since he is no longer under any obligation to pay her alimony. Also the court will order the aforementioned sum of $1403.53 representing the alimony paid into an escrow account by the defendant for the period July 19, 1991 to date be returned to him.
The defendant also claims reimbursement from the plaintiff for bills and fees totaling $3,886.13 (Exhibit 20) and attorney's fees in the amount of $16,721.25 (Exhibit 21). The court does not order the plaintiff to pay any of these fees and/or attorneys' fees to the defendant.
The plaintiff seeks attorney's fees and costs in the amount of $8,209.21. The court does not order the defendant to pay any attorney fees or costs of this action to the plaintiff.
William J. Sullivan, Judge